Filed 5/6/13  In re Carlos B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re CARLOS B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | C071941 |
| Plaintiff and Respondent, | (Super. Ct. No. JV131427) |
| v. | |
| CARLOS B., | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *In re Kevin S.* (2003) 113 Cal.App.4th 97 (*Kevin S.*).  Having reviewed the record as required by *Wende* and *Kevin S.*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Sometime between 1:45 p.m. and 2:45 p.m. on June 10, 2012, the minor, Carlos B., and two other juveniles broke into the victim's home by kicking in a side door,

1

leaving a footprint on the door. The three juveniles ransacked the master bedroom, stealing jewelry from the master bedroom but leaving the jewelry box behind. The juveniles also took four laptop computers, new clothing, a television, and two game consoles. The minor's fingerprint was found on the jewelry box. The victim stated she did not know the minor and he did not have permission to be inside her home. Surveillance video from a nearby residence showed the three juveniles riding bicycles. The juveniles matched the description given by a witness who had seen them walking toward the victim's home and later running away with bags in their hands.

On July 15, 2012, when officers went to the minor's home, the minor ran away. He jumped over his back fence into the alley behind and, when he saw officers there, jumped back over the fence. When he was caught, he denied knowing anything about a burglary. When asked why he fled, he claimed he was lost and meant to go a different way to buy something to eat. He did not have any money. The minor's residence was about 0.6 miles from the victim's home.

A petition filed July 17, 2012 pursuant to Welfare and Institutions Code section 602 alleged that the minor committed a felony violation of Penal Code section 459, first degree burglary. He previously had been declared a ward of the court in 2010 after admitting driving or taking a vehicle without consent and resisting arrest, both as misdemeanors. In 2011, he was continued a ward after admitting misdemeanor accessory to burglary. On March 16, 2012, he was continued a ward for felony receiving stolen property.

Prior to the jurisdictional hearing, the minor filed a motion to dismiss the petition on the grounds of insufficient evidence, arguing the only evidence was a fingerprint. After the court denied the motion without prejudice, the minor admitted the allegation in exchange for continued wardship and 100 days in juvenile hall with 30 days' credit, followed by 60 days on home supervision. The court so ordered.

The minor appealed.  We appointed counsel to represent the minor on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436; *Kevin S., supra,* 113 Cal.App.4th 97.)  The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from the minor.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

We do find an error in preparation of the written dispositional order dated August 13, 2012.  Instead of stating that the minor was to serve 100 days in juvenile hall, as orally agreed by the parties and imposed by the court, the written order reflects that the minor was committed to juvenile hall for only 10 days.  We will order the dispositional order corrected accordingly.

## DISPOSITION

The court is directed to prepare a corrected dispositional order reflecting that the minor was committed to juvenile hall for 100 days.  The dispositional order is affirmed.


                                                       MURRAY              , J.


We concur:


         NICHOLSON          , Acting P. J.


         DUARTE             , J.